383 P.2d 489

STATE of Utah, Plaintiff and Respondent,

v.

David FARNSWORTH, Defendant and Appellant.

No. 9762.

Supreme Court of Utah.

July 12, 1963.

Mitsunaga & Ross, Galen J. Ross, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

Defendant appeals from a jury conviction of second degree burglary. It was the State's contention that the defendant and one Allen Langston broke into a dry cleaning establishment, at night, and stole various items of clothing.

Allen Langston was arrested prior to defendant's arrest and admitted the crime and implicated the defendant. However, at the preliminary hearing and again at the trial Allen Langston testified that the defendant had not been a participant.

At the trial, Allen Langston's brother, Gary, was permitted to testify that he occupied the same jail cell with the defendant, his brother and several other inmates shortly after defendant's arrest; that, in the presence of the defendant, Allen told him that he (Allen) and the defendant had committed the burglary; and that the defendant did not deny this, but did at that time make a statement that the only thing they could "get" him for was possession of stolen property.

The foregoing testimony was permitted, over defendant's objection, upon the ground that it demonstrated a consciousness of guilt and the jury was admonished to consider it only in that regard.

We are of the opinion that it was error for the lower court to permit the testimony of Gary Langston. It is stated in 2 Wharton's Criminal Evidence (12th Ed.) at page 162: "To constitute an admission by silence, it must be shown (1) that the statement was an extrajudicial statement which was incriminatory or accusatory; (2) that it was one to which an innocent man in the situation of the defendant would reply; (3) that it was made within the presence and hearing of the defendant; (4) that he understood the meaning of the statement; and (5) that he had an opportunity to deny or reply to the statement."

In the instant case requirement (1) was satisfied. Although not properly estab-

lished, requirements (3), (4) and (5) could be inferred from Gary's testimony. However, requirement (2) was not satisfied. It must be remembered that the defendant was in custody,[1] confined in a cell with several other persons, including his alleged accomplice who had already confessed his guilt to the police. Was this such a situation as would prompt an innocent man to deny the incriminatory statement or espouse his innocence? We think not. On the other hand, it might seem to be a situation in which an accused, guilty or innocent, would deem it prudent to withhold any comment. The only comment made by defendant, according to Gary's testimony, could be construed as a denial of the crime charged.

Under the circumstances, and particularly in view of Allen Langston's denial of defendant's participation in the burglary, we are constrained to hold that the permitting of Gary Langston to testify constituted prejudicial error.

With respect to other matters raised on appeal, we hold that the clothing exhibits were properly received in evidence and that the trial judge properly permitted the district attorney, because of surprise, to impeach Allen Langston who was called as a witness for the State.

1. Some courts have held that the mere fact of arrest is sufficient to render inadmissible the fact of the accused's failure to deny accusatory statements then

Reversed and remanded for a new trial.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

made in his presence and hearing. See 2 Wharton's Criminal Evidence (12th Ed.) p. 166.